```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,       :
    Plaintiff
                                      :

    vs.                         : CRIMINAL NO. 1:CR-04-405-01
                                      :

JOEL DANIEL TAYLOR, JR.,
    Defendant                  :

*M E M O R A N D U M*

I.    *Introduction*

    Defendant, Joel Daniel Taylor, Jr., has filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. The government opposes the motion on the basis that the amendment has no effect on Defendant's applicable guideline range because his statutory maximum sentence falls below his guideline range, even as calculated under the amendment. In an addendum to the presentence report (PSR), the probation office concurs in this analysis. The Federal Public Defender was appointed to represent Defendant but has filed a motion to withdraw.

    We have authority to reduce Defendant's sentence only if Amendment 706 has the effect of lowering his applicable

guideline range. Because we agree with the probation office's conclusion that the amendment does not have that effect, we will deny the motion for reduction in sentence.

II.   *Background*

In July 2005, Defendant pled guilty to count I of the indictment, which charged him with distribution and possession with the intent to manufacture and distribute cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

Defendant's guideline range was calculated as follows. His cocaine-base quantity was at least 1.5 kilograms, giving him a base offense level of 38. (PSR ¶ 15). Four points were added for Defendant's role in the offense and three points were subtracted for acceptance of responsibility, making his total offense level 39. Defendant's criminal history category was III. This gave him a guideline range of 324 to 405 months, but because the statutory maximum sentence for the offense was 240 months, his guideline sentence became 240 months. At sentencing in April 2006, upon the government's motion under U.S.S.G. § 5K1.1, Defendant was sentenced to a total of 144 months.

III.   *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that

2

any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). An amendment does not have that effect if "the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment" establishes a defendant's sentence. U.S.S.G. § 1B1.10, application note 1A.

The amendment is applicable to Defendant but does not have the effect of lowering his guideline range because the operation of U.S.S.G. § 5G1.1(a) sets the guideline sentence at 240 months,[1] less than the guideline range under the amendment.[2] We therefore cannot grant his motion.

We will issue an appropriate order.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

Date: September 4, 2008

---

[1] This guideline section provides that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."

[2] Defendant's drug quantity was at least 1.5 kilograms of cocaine base. Under the amendment, that leaves him with a total offense level of 37 (instead of 39), a criminal history category of III, and a guideline range of 262 to 327 months, still higher than the statutory maximum sentence of 240 months.

4

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,       :
        Plaintiff
                                :

        vs.                     : CRIMINAL NO.  1:CR-04-405-01

                                :
JOEL DANIEL TAYLOR, JR.,
        Defendant               :
```

*O R D E R*

AND NOW, this 4th day of September, 2008, it is

ORDERED that:

   1. Defendant's motion (doc. 761) under 18 U.S.C. § 3582(c)(2) for a sentence reduction is denied.

   2. The Federal Public Defender's motion (doc. 768) to withdraw is granted.


                                     /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge